**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 4 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

By: _JAMES W. McCORMACK, CLERK_
DEP CLERK

| | |
|---|---|
| JOHNNY MAYNARD AND<br>SHARON MAYNARD | PLAINTIFFS |
| vs.                    No. 4:10-CV-1232BSM | |
| CITY OF LITTLE ROCK, ARKANSAS,<br>ET. AL., | DEFENDANTS |

## AGREED PROTECTIVE ORDER

The remaining Defendants, City of Little Rock, Arkansas, Little Rock Animal Services and Little Rock Animal Services Manager, Tracy Roark, Humane Society of Pulaski County and Kay Jordan, (hereinafter referred to as "Defendants") through written discovery and other informal requests, have sought from Plaintiffs copies of the Settlement Agreements (hereinafter the "Agreements") which arose from Plaintiffs' settlement of their respective claims against Defendant U-Haul of Arkansas, Inc., and against Defendants The Humane Society of the United States and Desiree Bender (collectively, the "dismissed Defendants").

Plaintiffs have objected to the production of the respective Agreements on the grounds that the Agreements contain confidentiality clauses that prohibit Plaintiffs from disclosing the existence and/or the terms of the Agreements unless required by law. The confidentiality clauses in the Agreements were a material inducement to the decision of the dismissed Defendants' to settle their claims against Plaintiffs and are material terms of the Agreements. In an effort to resolve the discovery issues and to avoid any violation of the Agreements, the parties hereto have agreed to this Protective Order and to the production of the Agreements under the terms and conditions stated herein.

1

1.    The Plaintiffs shall produce a copy of the Agreements to the remaining Defendants.  Said remaining Defendants agree that they will use the Agreements solely for the purpose of determining their respective terms and how, if at all, the Agreements may affect the remaining claims in this lawsuit.  Notwithstanding anything else in this Order, Defendants agree that the Agreements may not be used for any purpose that is not directly related to the claims and defenses in this lawsuit.  The parties reserve their right to contend that the Agreements may or may not be relevant or admissible at trial.

2.    The Agreements shall be designated confidential by stamping copies of the Agreements produced with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."  The designation on the cover of each Agreement shall designate all pages of the document as confidential, unless otherwise noted.

3.    The Agreements may be disclosed or made available solely to: (a) the Court, (b) counsel for Defendants and their clients and/or insurers, (c) any other person approved in writing by the Plaintiffs and the dismissed Defendants, and/or (d) as otherwise ordered by the Court (those identified in (a) – (b) are collectively referred to as "qualified persons").  Prior to receiving the Agreements and reviewing same, each qualified person shall be provided with a copy of this Protective Order and the terms of the confidentiality provisions in the Agreements.  Thereafter, the qualified person shall acknowledge in writing that he/she agrees to be bound by the terms of the confidentiality provisions in the Agreements and by the provisions in this Order, and shall further acknowledge that any breach of confidentiality shall cause the dismissed Defendants irreparable harm.  The remaining Defendants agree to provide Plaintiff and counsel for the dismissed Defendants with a list of the names and addresses of each qualified person who

receives and/or reviews the Agreements along with a copy of such person's written acknowledgement described above.

4.      It is acknowledged that Plaintiffs have expressly objected to the admissibility of the Agreements themselves and the terms of the Agreements, and do not waive such objection by signing this Protective Order.

5.      The court, specifically, orders that if the Agreements are to be used on the record or filed with the clerk, they shall be filed under seal.

6.      That this Order shall not be deemed to prejudice any of the parties hereto in anyway, nor shall it prejudice any application for modification of this Order or to later seek production of any other or additional documents.

7.      This Order is agreed to and entered into by the parties solely for the purpose of avoiding unnecessary and unwarranted expenses. Nothing in this Order or the production of the Agreements under the terms and conditions herein, or in any subsequent proceedings held herein pursuant to this Order, shall be deemed to be an admission or waiver with respect to the confidentiality of the Agreements or the altering of any other obligation of the parties to the Agreements. Plaintiffs shall continue to honor and abide by all requirements of the Agreements except as modified for the sole purpose of this Protective Order. The remaining Defendants shall honor and abide by the terms set out herein.

8.      This Order shall survive the final disposition or dismissal of this action. Upon the dismissal or termination of this action, counsel for the remaining Defendants shall ensure and warrant that all copies of the Agreements and/or portions of the Agreements (in whatever form) have been collected from all qualified persons and shall then return said copies to Plaintiffs'

counsel of record, who shall, thereafter return them to counsel for the dismissed Defendants and/or destroy them in accordance with instructions from the dismissed Defendants.

     9.    Counsel for Plaintiffs and Defendants agree that they will timely notify counsel for the dismissed Defendants of any attempts to modify this Order.

     IT IS SO ORDERED.

_____
U.S. District Judge

_____
Date

AGREED TO:

_____
Gregory L. Vardaman
Counsel for Plaintiffs
901 Main St. Ste. F
Arkadelphia, AR 71923
(870) 245-3009

_____
Dan F. Bufford
Counsel for Humane Society of
Pulaski County and Kay Jordan
101 Spring Street, Suite 300
Little Rock, AR 72201-2488
(501) 376-2981

_____
Amy Beckman Fields
Attorney for City of Little Rock,
Little Rock Animal Services and
Tracy Roark
City Hall Suite 310
500 W. Markham
Little Rock, AR 72201
(501) 371-4527

4

David Bearman
Counsel for U.S. Humane Society
and Desiree Bender
165 Madison Ave, Ste. 2000
Memphis, TN 38103
(901) 577-8116


Kyle R. Wilson
Attorney for U-Haul Company of
Arkansas
200 W. Capitol Ste. 2300
Little Rock, AR 72201
(501) 212-1317